UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN SATCHELL,

                Plaintiff,

-against-

DEPT. OF CORRECTION, et al.,

                Defendants.

24-CV-1763 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated, filed this action *pro se* and *in forma pauperis* ("IFP"). By order and judgment dated and entered on April 22, 2025, the Court dismissed this action without prejudice, and denied IFP status for the purpose of any appeal Plaintiff may wish to pursue. On June 6, 2025, the Court received Plaintiff's motion for an extension of time to file a notice of appeal, a notice of appeal, and a motion for leave to proceed IFP on appeal, all of which are dated May 13, 2025. (ECF 17, 18.)

## DISCUSSION

Plaintiff's motion for an extension of time to file a notice of appeal is denied as unnecessary. Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure requires a notice of appeal in a civil case to be filed within 30 days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). Judgment was entered on April 22, 2025, and Plaintiff's notice of appeal was signed on May 13, 2025, and presumably given to prison officials for mailing on the same date. Because the appeal is timely, the Court denies Plaintiff's motion for an extension of time to appeal.

The Court denies Plaintiff's motion to proceed IFP on appeal because the Court already ruled on Plaintiff's IFP status in its April 22, 2025 order. Plaintiff may seek leave to proceed IFP after this action is transferred to the Court of Appeals.

## CONCLUSION

The Court denies as unnecessary the motion for an extension of time to file a notice of appeal, and the Clerk of Court is directed to terminate the motion (ECF 17). The Court denies Plaintiff's motion to proceed IFP on appeal because the Court already ruled on Plaintiff's IFP status. The Clerk of Court is directed to process the appeal.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   June 13, 2025
         New York, New York

                                      /s/ Laura Taylor Swain
                                      LAURA TAYLOR SWAIN
                                      Chief United States District Judge