UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN R. SATCHELL,

                Plaintiff,

       -against-

DEPT. OF CORRECTIONS, ET AL.,

                Defendants.

24-CV-1763 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is incarcerated, is proceeding *pro se* and *in forma pauperis* ("IFP"). On April 22, 2025, the Court dismissed this matter without prejudice and entered civil judgment. (ECF 15, 16.) Plaintiff thereafter filed a notice of appeal, a motion for an extension of time to file a notice of appeal, and a motion for leave to proceed IFP on appeal, all dated May 13, 2025. (ECF 17-18.) The Court received these documents on June 6, 2025, in an envelope postmarked June 2, 2025. In the motion seeking an extension, Plaintiff states, "I filed the appeal as soon as I was able, this place only mails out 5 letters a week." (ECF 17 at 1.)

On June 13, 2025, this Court, applying the prison mailbox rule, denied as unnecessary the motion for an extension of time to file the notice of appeal.[1] (ECF 19.)

On December 19, 2025, the Second Circuit directed this Court to "reconsider whether the extension motion should be granted." (ECF 21 at 2.) The Circuit determined that the motion for an extension of time was necessary because Plaintiff had not submitted "a declaration in compliance with 28 U.S.C. § 1746—or a notarized statement—setting out the date of deposit and

---

[1] *See Walker v. Jastremski*, 430 F.3d 560, 562-64 (2d Cir. 2005) (discussing prison mailbox rule, under which the date a prisoner signs a court submission is deemed the filing date).

stating that first-class postage [was] being prepaid" as required by Fed. R. App. P. 4(c)(1)(A)(i).[2]

(*Id.*)

## DISCUSSION

As directed by the Second Circuit, this Court considers whether to grant the motion for an extension of time to file a notice of appeal.

Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within thirty days after entry of judgment. The district court may extend the time to file a notice of appeal, however, if a plaintiff moves for an extension within thirty days of the expiration of the time to file notice of appeal, and shows excusable neglect or good cause for untimely filing. *See* Fed. R. App. P. 4(a)(5)(A).

Here, the Court entered judgment on April 22, 2025. The Court received the motion for an extension of time to appeal and the notice of appeal on June 6, 2025, within thirty days of the expiration of the time to file a notice of appeal. The motion for an extension is, therefore, timely. In the motion, Plaintiff states that the facility where he was detained only "mails out 5 letters a week." (ECF 17 at 1.) This assertion suggests that any delay in the postmarking or processing of Plaintiff's mail could well have resulted from the prison's mailing procedures. Accordingly, the Court finds that there is good cause to grant Plaintiff an extension of time to file a notice of appeal, and the Court grants Plaintiff's Rule 4(a)(5) motion.

## CONCLUSION

The Court grants the motion for an extension of time to file a notice of appeal.

---

[2] *But see Hardy v. Conway*, 162 F. App'x 61, 62 (2d Cir. 2006) (summary order) ("[W]e have never required prisoners to provide affidavits of service to verify when they give their documents to prison officials. Indeed, in the absence of contrary evidence, district courts in this circuit have tended to assume that prisoners' papers were given to prison officials on the date of their signing." (citing cases)).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    June 10, 2026
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge